IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In Re:

ADRIAN PRESTON,   Case No.: 8:15-bk-09459
  Chapter 13
    Debtor.
_____/

**BRANCH BANKING AND TRUST COMPANY'S
OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

Pursuant to Bankruptcy Code § 1325 and Federal Rule of Bankruptcy Procedure 3015(f), Branch Banking and Trust Company, as successor-in-interest to Colonial Bank by acquisition of assets from the FDIC as receiver for Colonial Bank (the "Bank"), objects on the following grounds to confirmation of the chapter 13 plan (the "Plan") [Doc. No. 4] proposed in this bankruptcy case by Adrian Preston (the "Debtor"):

A. **Background Facts**

1. The Bank, the Debtor, Pauline Preston (the "Spouse"), and Adrian's Automotive Inc. (the "Corporation"), all of whom are collectively referred to sometimes herein as the "Obligors," are parties to a lending relationship evidenced by a series of loan, security and perfection documents (collectively, the "Loan Documents"), executed and delivered by the Obligors, relating to one (1) obligation due and owing by the Obligors to the Bank (the "Obligation").

2. The Obligation is principally owed by the Debtor and the Spouse (together, the "Borrowers"), and is secured by property owned by the Borrowers, located at 3713 US Alternate 19 North, Palm Harbor, FL 34683 (the "Mortgaged Property"), and the rents, issues, and

proceeds generated from the Mortgaged Property (collectively, the "Rents"). The Mortgaged Property and Rents are together referred to as the "Collateral."

    3.    The Loan Documents include, but are not limited to, the following:

        a.    "Promissory Note," executed and delivered by the Borrowers to the Bank on or as of April 1, 2008, in the original principal amount of $325,000, a copy of which is attached hereto as Exhibit "A";

        b.    "Rider to Promissory Note," executed and delivered by the Borrowers to the Bank on or as of April 1, 2008, a copy of which is attached hereto as Exhibit "B";

        c.    "Business Loan Agreement," executed and delivered by the Borrowers and the Bank on or as of April 1, 2008, outlining the terms and conditions of the lending relationship, a copy of which is attached hereto as Exhibit "C";

        d.    "Notice of Final Agreement," executed and delivered by the Borrowers and the Bank on or as of April 1, 2008, a copy of which is attached hereto as Exhibit "D";

        e.    "Mortgage," executed and delivered by the Borrowers in favor of the Bank on or as of April 1, 2008, granting the Bank a security interest in the Mortgaged Property to secure the Obligation, the same having been recorded in the Official Records of Pinellas County, Florida, O.R. Book 16240, beginning at Page 1390, in order to perfect the same, a copy of which is attached hereto as Exhibit "E";

    f.    "Assignment of Rents," executed and delivered by the Borrowers to the Bank on or as of April 1, 2008, evidencing the Bank's security interest in the Rents, the same having been recorded in the Official Records of Pinellas County, Florida, O.R. Book 16240, beginning at Page 1399, a copy of which is attached hereto as Exhibit "F";

    g.    "Commercial Guaranty," executed and delivered by the Corporation to the Bank on or as of April 1, 2008, a copy of which is attached hereto as Exhibit "G";

    h.    "Corporate Resolution to Grant Collateral/Guarantee," executed and delivered by the Corporation to the Bank on or as of April 1, 2008, a copy of which is attached hereto as Exhibit "H"; and

    i.    "UCC-1 Financing Statement," evidencing the Bank's security interest in the Collateral, the same having been perfected by recording in the Florida Secured Transaction Registry #20050964093X, a copy of which is attached hereto as Exhibit "I."

4.    The Bank has accelerated and demanded the Obligation by letters dated April 16, 2015, and May 11, 2015, copies of which are attached hereto as Composite Exhibit "J." But for the acceleration and demand, the Obligation would have matured as of April 1, 2018.

5.    On or about May 21, 2015, the Bank initiated a loan enforcement action (the "Foreclosure Action") in the Circuit Court in and for the Sixth Judicial Circuit of Florida (the "State Court") by the filing of a complaint (the "Complaint") against the Obligors. The Obligors have not answered the Complaint or otherwise defended in the Foreclosure Action.

6.     The validity, enforceability, and status of the Obligation have never been questioned, and cannot reasonably be questioned at this time. The enforceability of the Bank's mortgage lien and security interest in the Collateral, as a first perfected lien upon the same to secure the Obligation, are similarly clear.

7.     The Obligation is in a state of default in the amount of $270,513.42, itemized as of May 4, 2015, together with after-accruing interest, and late fees as follows:

| | |
|---|---|
| Principal: | $ 259,153.19 |
| Interest (as of 05/04/15 at $46.79 per diem): | $     7,255.13 |
| Forced Place Insurance: | $        499.74 |
| Appraisal Fees: | $     1,850.00 |
| Late Fees: | $     1,755.36 |
| **Total Amount Due:** | **$ 270,513.42** |

Interest has since continued to accrue on the principal amount of the Obligation at a default rate set forth in the Loan Documents, although the interest reflected above is computed at the non-default rate for purposes of this motion. Attorneys' fees, court costs, and related expenses additionally continue to accrue as part of the Obligation, pursuant to the Loan Documents.

### B.  Basis for Objection

8.     On September 17, 2015, the Debtor initiated this chapter 13 bankruptcy case (this "Bankruptcy Case"), and which time the Debtor filed his Schedules and Statement of Financial Affairs (the "Schedules") [Doc. 1].

9.     The Schedules list the Collateral as having a value of $340,000 and list the Bank's lien as being in the amount of $259,153.19, which indicates that the Obligation is secured.

10.    On September 17, 2015, the Bank filed its proof of claim in the amount of $270,513.42, confirming a reservation of rights more fully set forth therein. Not portion of the Obligation has been serviced since acceleration.

11. On September 17, 2015, the Debtor filed the Plan. The Plan seeks to impermissibly modify the rights of the Bank. The Plan proposes that the Bank will retain its liens and be paid pursuant to the Loan Documents all monthly installments hereafter coming due and owing, together with something described as a "gap payment" subject to adjustment on terms that are not clearly described. The Plan is unclear on whether or not the Spouse and the Corporation will have their rights modified or whether the Bank is expected to continue on under the Complaint in the context of the Foreclosure Action before the State Court.

12. The following deficiencies are noted with the Debtor's Plan:

   a. **Bankruptcy Code §1322(a)**: The Plan is lacking because it fails to comply with the financial requirements of this provision based upon the Bank's current information.

   b. **Bankruptcy Code §1322(b)**: The Plan impermissibly proposes to modify the Bank's rights under the Loan Documents as they relate to all Obligors, the full balance of the Obligation, and to otherwise clarify treatment proposed for the Bank.

   c. **Bankruptcy Code §1325(a)**: The Plan does not clearly incorporate all relevant terms of the Loan Documents other than those expressly modified, including for example collateral maintenance covenants, the maturity date, and other relevant provisions.

13. The Plan should not be confirmed unless or until the foregoing issues are addressed in a satisfactory manner. However, if the Debtor and the Bank were able to agree upon a modification of the Plan consistent with the provisions of Bankruptcy Code §1323(a), to address questions left unopened in light of the existence of the Spouse and the Corporation as

Obligors, the continued pendency of the Foreclosure Action, the continued jurisdiction of the State Court, and other relevant terms and conditions, the Bank believes that an economic and equitable result might be achieved to facilitate confirmation.

14. The Bank hereby reserve the right to join all other objections and to file or voice such other or additional basis for objections to confirmation of the Plan as are hereafter determined to exist based upon ongoing formal and informal discovery.

WHEREFORE, the Bank object to the confirmation of the Plan as filed and prays for the order of this Court denying confirmation of the Plan.

/s/ John A. Anthony
**JOHN A. ANTHONY, ESQUIRE**
janthony@anthonyandpartners.com
Florida Bar Number: 0731013
Anthony & Partners, LLC
201 N. Franklin Street, Suite 2800
Tampa, Florida 33602
Telephone: 813/273-5616
Facsimile: 813/221-4113
Attorney for the Bank

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by electronic means and/or U.S. first class mail on the 24th day of September, 2015, to:

| | |
|---|---|
| Adrian Preston<br>3713 Alt. 19 North<br>Palm Harbor, Florida 34683<br>*Debtor* | Steven M. Fishman, Esq.<br>Steven M. Fishman, PA<br>2454 North McMullen Booth Road, #D-607<br>Clearwater, Florida 33759<br>*Counsel for Debtor* |

Office of the US Trustee
Timberlake Annex, Suite 1200
501 E. Polk Street
Tampa, Florida 33602
*U.S. Trustee*

/s/ John A. Anthony
**ATTORNEY**